IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| ALBERT CURTIS MILLS, #173-446, | * |
| Plaintiff, | |
| | * |
| v. | CIVIL ACTION NO. DKC-06-2808 |
| | * |
| LIEUTENANT WALKER, et al., | |
| Defendants. | * |

******

**MEMORANDUM**

Currently pending are Plaintiff's motion for injunctive relief (Paper No. 3) and Correctional Medical Services's Motion to Dismiss, or, in the Alternative for Summary Judgment.[1] Paper No. 13. Plaintiff has not filed a response to the dispositive motion.[2] The issues have been fully briefed and no oral argument is necessary. *See* Local Rule 105.6. (D. Md. 2004). For the foregoing reasons, the court, by separate Order, will grant Defendant Correctional Medical Services' Motion to Dismiss.

**I.     Background**

Plaintiff alleges that on December 3, 2005, mace was sprayed into a cell with ventilation connected to his cell. He states that the mace caused him to have severe pains in his lungs and caused him to faint.

On September 15, 2006, a cell extraction team came to Plaintiff's pod to remove another inmate. Plaintiff advised correctional officers that he suffered from bronchitis and that if mace was

---

[1]The Motion was filed on behalf of Correctional Medical Services and Kesha White. Defendant has subsequently moved to dismiss Kesha White as a defendant. That Motion has been granted. Paper Nos. 17 and 21.

[2]Pursuant to the dictates of *Roseboro v. Garrison*, 528 F.2d 309, 310 (4th Cir. 1975), on January 18, 2007, Plaintiff was notified that Defendant had filed a dispositive motion, the granting of which could result in the dismissal of his action. Paper No. 13. Plaintiff was also informed that he was entitled to file materials in opposition to that motion within seventeen (17) days from the date of that letter and that his failure to file a timely or responsive pleading or to illustrate, by affidavit or the like, a genuine dispute of material fact, could result in the dismissal of his case or in the entry of summary judgment without further notice of the court. *Id.*

employed he would require medical treatment. Mace used against the other inmate came into Plaintiff's cell, causing him to suffer severe lung pain and faint. Plaintiff states that he advised an unnamed nurse that he required medical care due to the macing, but she ignored him.

Mace was again used on Plaintiff's quad on October 14, 2006. Once again the use of mace caused Plaintiff sharp pain in his lung, and caused him to faint. Plaintiff states that correctional officers failed to get him emergency medical care. On October 15, 2006, Plaintiff submitted a sick call slip to Kesha White regarding his lung pain and fainting spells. *Id.* In his motion for injunctive relief, plaintiff requests that medical care be provided. Paper No. 3.

## II.     Standard of Review

### A.     Motion to Dismiss

"A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spaulding*, 467 U. S. 69, 73 (1989) *(citing Conley v. Gibson*, 355 U. S. 41, 45-46 (1957)). "While §1983 complaints that recite bare legal conclusions that are 'wholly devoid of facts' or that are not supported by specific facts pleaded, may warrant dismissal, conclusory legal assertions that are supported by the pleaded facts - even if the factual assertions are equally consistent with a contrary conclusion - should survive a Rule 12(b)(6) motion to dismiss." *Revene v. Charles County Commissioners*, 882 F.2d 870, 873 (4th Cir. 1989) (citations omitted). "In considering a motion to dismiss, the complaint must be construed in the light most favorable to the plaintiffs, and its allegations taken as true." *Finlator v. Powers,* 902 F.2d 1158, 1160 (4th Cir. 1990) (*citing Jenkins v. McKeithen*, 395 U. S. 411 (1969)).

### B.     Injunctive Relief

Where, as here, an inmate is seeking injunctive relief in conjunction with his Eighth Amendment claim, relief may only be granted if the inmate can demonstrate: (i) the likelihood he will be irreparably harmed if emergency relief is denied; (ii) the likelihood that defendant will not be harmed if the requested relief is granted; (iii) the likelihood that the inmate will succeed on the merits; and (iv) that the public interest will be served if the injunction is granted. *See Blackwelder Furniture Co. v. Seilig Manufacturing Co.*, 550 F.2d 189, 195-96 (4th Cir. 1977).

**III.    Analysis**

The evidence before the court demonstrates that Plaintiff submitted sick call slips on December 20, 2005 and September 26, 2006, relatively close in time to the first two macing incidents. Plaintiff did not complain about chest pain, lung pain, or fainting spells. Paper No. 13, Ex. A, Ex. B, pp. 1-2.  Plaintiff first complained of lung pain and fainting due to mace exposure on a sick call form dated October 15, 2006. Plaintiff was scheduled for a sick call appointment but for unknown reasons did not appear. *Id.*, Ex. A., Ex. B., p. 3.  Plaintiff was rescheduled for evaluation on November 9, 2006.  At that time Plaintiff was examined by Nurse Nwaiwu.  Plaintiff denied having chest pains or shortness of breath but did complain of pain in his lungs which increased on inspiration and expiration. His vital signs were within normal limits.  No objective signs were noted that Plaintiff suffered injuries as a result of being exposed to mace. Nonetheless, Plaintiff was provided Motrin for his pain, advised to minimize physical activities and referred for further examination by the doctor. *Id*.  Dr. Cherelle Reddick-Lane evaluated Plaintiff on November 22, 2006. At that time Plaintiff no longer complained of chest or lung pain or fainting. *Id*., Ex. A., Ex. B., p. 5.

According to the Declaration of Dr. Getnet Luka and the supporting medical records,

Plaintiff's health was not endangered by any exposure to mace.  Moreover, Plaintiff has received the injunctive relief he requested, i.e. medical examination and treatment for his complaints of lung pain and fainting spells.  Plaintiff's request for injunctive relief has been rendered moot and shall be denied.

Plaintiff has alleged no personal involvement by Correctional Medical Services, Inc. ("CMS").  Rather, Plaintiff appears to contend that CMS is properly named because they exercise supervisory authority over medical employees  The doctrine of *respondeat superior* does not apply to actions under 42 U.S.C. §1983 even where the defendant is a private corporation, rather than a municipality or other public agency. *See  Monell v. New York Dept. of Social Services,* 436 U.S. 658, 691 (1978); *see also Nedd v. Correctional Medical Services*, Civil Action No. JFM-92-1524 (D.Md., October 22, 1992), *citing Powell v. Shopco Laurel Co*., 678 F.2d 504, 506 (4th Cir. 1982); *McIlwain v. Prince William Hospital*, 774 F.Supp. 986, 990 (E.D.Va. 1991).

In order for supervisory liability to exist in a §1983 action, it must be established:

> (1) that the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury to citizens like the plaintiff; (2) that the supervisor's response to that knowledge was so inadequate as to show deliberate indifference to or tacit authorization of the alleged offensive practices; and (3) that there was an affirmative causal link between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff.

*Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir. 1994) (citations omitted); *see also Slakan v. Porter*, 737 F.2d 368, 373 (4th Cir. 1984). Deliberate indifference is more than negligence.  As one court explained:

> Generally, a failure to supervise gives rise to a §1983 liability, however, only in those situations in which there is a history of

4

> widespread abuse. Only then may knowledge be imputed to the supervisory personnel. A single act or isolated incident are normally insufficient to establish supervisory inaction upon which to predicate §1983 liability.

*Wellington v. Daniels*, 717 F.2d 932, 936 (4th Cir. 1983) (citations and footnote omitted).

Plaintiff has not pointed to any specific action or inaction on the part of CMS that in any way contributed to his injuries. Plaintiff alleges that an unidentified nurse ignored his request for medical treatment and that he delivered a sick call slip to Kesha White which presumably was not acted upon. There is no allegation, much less evidence, that CMS affirmatively prevented Plaintiff from receiving medical care, interfered with Plaintiff's medical treatment, or deliberate indifference to Plaintiff's serious medical needs.

**C**.    **Conclusion**

For the aforementioned reasons, Defendant's dispositive motion is granted and Plaintiff's request for injunctive relief is denied.

    August 16, 2007                                                /s/_____
Date                                                         DEBORAH K. CHASANOW
                                                             United States District Judge